In re Marlin **NORBY,** d/b/a Country Lane Farm, a/k/a Country Lane Sheep Farm, and Genevieve Norby, Debtors.

**RICHLAND NATIONAL BANK AND TRUST, Appellant,**

v.

**Marlin NORBY, Genevieve Norby, and Phillip D. Armstrong, Trustee, Appellees.**

**Civ. No. A4–88–026.**

United States District Court, D. North Dakota, Northwestern Division.

March 30, 1988.

Nevin Van de Streek, Minot, N.D., for appellant.

Garth H. Sjue, Williston, N.D., for appellees.

### ORDER

CONMY, Chief Judge.

Richland National Bank and Trust appeals to this court an adverse decision of the bankruptcy court. The undisputed facts necessary to decide this appeal are as follows:

On October 3, 1985, Marlin Norby executed a promissory note to Richland in the amount of $31,387.00. In connection therewith, he also executed a security agreement. Richland then filed a financing statement covering feed, accounts, and accounts receivable with the Register of Deeds on October 3, 1985, and with the Secretary of State on October 10, 1985. According to the bankruptcy court's findings of fact this note was paid off on December 24, 1985.

Mr. Norby executed a second promissory note with Richland on May 1, 1986, in the amount of $50,000.00. On the same date he entered into another security agreement with Richland. The 1986 security agreement granted Richland a security interest in 105 acres of sugarbeets, 95 acres of hay, and 92 acres of barley, livestock, feed, seed, accounts, accounts receivable, and machinery. Richland did not file any further financing statements with the Register of Deeds or with the Secretary of State but instead relied on the statement that was filed in connection with the 1985 security agreement.

In its order entered December 29, 1987, the bankruptcy court concluded that the 1986 security agreement had superseded and discharged the October 3, 1985, security agreement. The bankruptcy court also determined, however, that the 1986 security agreement was invalid under section 35–05–04 of the North Dakota Century Code. Consequently leaving Richland without a perfected security interest in the Debtors property. Richland now appeals to this court seeking a determination of the effect section 35–05–04 has on its 1986 security agreement. Richland also asserts, should this court agree with the bankruptcy court on the effect of section 35–05–04, that the 1985 security agreement should be treated as being revived and not superseded and terminated by an "invalid" security agreement.

■ Section 35–05–04 of the North Dakota Century Code provides:

A security agreement covering specific crops is not valid to create a security interest therein, nor entitled to be filed in the office of the register of deeds, if the security agreement contains any provision by which a security interest is claimed in any other personal property.

N.D.Cent.Code § 35–05–04 (1980). In the instant case Richland's 1986 security agreement claimed an interest in specifically described crops and an interest in other personal property directly in violation of section 35–05–04. Thus the first question presented for this court's review is whether a violation of section 35–05–04 dictates that the entire agreement be held invalid or only that portion relating to the specific crops.

The North Dakota Supreme Court has not yet had an opportunity to address this issue. In *Kingsley v. First American Bank of Casselton,* 92 B.R. 898 (Bankr.N.D. 1987), however, this court indicated, in dictum, that any security agreement that attempts to claim a security interest in specific crops and which also tries to claim an interest in other personal property is invalid in toto under section 35–05–04. *Kingsley,* at 899 (D.N.D.1987).

The court notes that it inadvertently went too far when it indicated that the "agreement" was invalid in toto. This was not the intent of the court. It is the claimed security interest in specific crops and the "perfected security interest" in other personal property that is completely invalid. The ultimate result is that the creditor does not have a secured interest in the debtors crops and has only an unperfected security interest in the other personal property.

The first clause of section 35–05–04 reads "a security agreement covering specific crops is not valid to create a security interest therein". Consequently, the security agreement relating to specific crops cannot create a security interest in the crops where there is also a claim in other personal property. Section 35–05–04, however, does not invalidate the security agreement as to the debtor's other personal property. It only invalidates the secured interest in the specific crops where, as here, the agreement attempts to claim an interest in other personal property in addition to an interest in the specific crops. The remaining clause in section 35–05–04 does provide, however, that such a security agreement is not entitled to be filed in the Register of Deeds. It is this portion of the statute that invalidates the perfected security interest in the other personal property. By the clear language of the statute, since the security agreement was not entitled to be filed, the creditor cannot now claim a perfected security interest in the other personal property.

It is therefore the holding of the court that the 1986 security agreement is in violation of section 35–05–04 since it claims an interest in specific crops and other personal property. Further, based on the foregoing analysis of section 35–05–04 the security agreement is invalid as it relates to the specific crops, but valid as to the other personal property. Accordingly, the bank does not have a secured interest in the debtors crops, but is left with an unperfected security interest in the other personal property listed on the 1986 security agreement.

The next issue presented for review is whether the 1986 security agreement superseded and terminated the 1985 security agreement. The bankruptcy court concluded that since both contracts cover the same collateral, their terms are inconsistent and cannot stand together. Thus the bankruptcy court held that the 1985 security agreement was superseded and discharged by the 1986 security agreement. This court agrees with the conclusions of the bankruptcy court and finds that the 1985 agreement was terminated when the parties entered into the later agreement.

The Bank argues that the 1985 agreement cannot be discharged by the 1986 agreement if it is invalid under section 35–05–04. This argument is without merit since it is the perfected security interest under section 35–05–04 that is invalid and not the security agreement itself.

Based on the foregoing, the order of the bankruptcy court entered on December 29, 1987, is hereby AFFIRMED.